# CHARLESTON

## Standard Home Company *v.* Reed, Secretary of State.

Submitted March 26, 1912. Decided April 9, 1912.

1. Building and Loan Associations—*Foreign Corporations—Certificate to do Business.*

   A foreign building and loan association, before it can get from the Secretary of State a certificate to do business in this State, must have a certificate of authority from the commissioner of banking under Acts of 1907, ch. 79, section Vc. (p. 637).

2. Same—*What Constitutes.*

   The corporation in question in this case is a building and loan association within the meaning of ch. 79, section Vc., Acts of 1907. (p. 639).

Petition of the Standard Home Company for writ of *mandamus* against Stuart F. Reed, Secretary of State.

*Writ Denied.*

*O'Brien & O'Brien, Mollohan, McClintic & Mathews,* and *E. N. Hamill,* for petitioner.

*Frank Lively, Assistant Attorney General,* for respondent.

BRANNON, JUDGE:

The Standard Home Company is a corporation under a charter granted by the state of Delaware. Desiring to transact business in this state it applied to Stuart F. Reed, Secretary of State, to grant it a certificate under Code of 1906, ch. 54, sec. 30, showing compliance with the requirements of that section, and authorizing it to do business in this state. The Secretary refused to grant such certificate, and the Standard Home Company asks from this Court a writ of *mandamus* to compel said Secretary to receive the papers which that section requires a foreign corporation to file and the fees which it is required to pay, to enable it to obtain such certificate, and to compel the secretary to issue such certificate.

That section 30 provides that a foreign corporation may, "unless it be otherwise expressly provided," hold property and transact business in this state upon complying with the provisions of that section and not otherwise. We note that the right to this certificate under that section is qualified by the proviso "unless it be otherwise expressly provided." We must therefore inquire whether there is any other provision in our statute law which will exclude the plaintiff from the benefit of such section or require anything further of it than that section requires. That section only requires it to file with the Secretary of State a copy of its certificate of incorporation to obtain such certificate. This case turns on this question: Does the Standard Home Company come under ch. 79, Acts of 1907, Regular Session, sec. V-c? That section says that, "it shall not be lawful for any foreign building and loan association or trust company to transact business in this state directly or indirectly without first procuring a certificate of authority from

the commissioner of banking." And to get that certificate the section requires the foreign corporation to make a statement to the commissioner of banking of its financial condition and such further information touching its affairs as he may require, under oath; and it must file a copy of the laws of the state incorporating it and other papers.

The section provides that if after examination of such statements and papers, and the corporation shall have appointed an attorney, the commissioner shall be satisfied that the association is solvent, and that its capital and investments are secure, and that the laws, charters, articles of incorporation, constitution and by-laws governing it, afford as ample protection to the interests of its members as is afforded by the laws of this state to members of associations chartered by this state, he may grant such association a certificate of authority to transact business in this state until the 31st day of next December. Is this corporation a building and loan association? If it is, it must have the certificate required by the last named statute from the commissioner of banking before it can get the certificate from the Secretary of State, because sec. 30 says that the Secretary of State shall not issue a certificate upon compliance merely with that section, but can only issue it when requirements of other statute law have been met, if there be any. We hold that the Standard Home Company is a building and loan association within the meaning of said Act of 1907. It possesses many of the salient features of such associations. One dominant feature is strong to classify it as a building and loan association, that is, the fact that its main purpose is to enable persons of small means to obtain loans with which they can secure homes. Its very name so imports. The contract which, as its petition states, is the contract which it proposes to sell to persons, on its face says that its loan is "to purchase a home." It requires a payment of $6.00 as an entrance fee like a building association. After a certain number of monthly payments a person may obtain a loan out of a fund called the "Loan or Reserve Fund" coming from payment of the monthly sums. After a certain number of monthly payments the loan is paid, as in the case of a regular building association. And the loan is secured by deed of trust on the home acquired with the loan or other realty.

These are features of the ordinary building association. I shall not detail the very many provisions of this very prolix contract; but a close analysis would doubtless reveal other similarities with the ordinary building association. We cannot say that it has all the characteristics of a building association under our statute; but it is still a building association in substance. It is not essential that it possess all such features, if it have material features in common with them to give the cast or quality of the ordinary building association. It has enough of these ear marks to classify it with them. We know not where else to place it. Its outlines, its object, as its contract discloses, so characterize it. It is suggested that it issues no stock, and its patrons are not stockholders, share no profit, bear no losses, and that there is no mutuality between the corporation and its patrons, or members, as I would call them. Those contracting with it may not be strictly stockholders, but they are members of the association, have pecuniary interest in it, and are substantially stockholders. In case of insolvency they lose their payments. And there are provisions in the contract entitling the borrower to *pro rata* share of lapses, cash surrenders and other sources of income. It cannot be said that there is entire want of mutuality between the corporation and its members. They have mutual interest in the welfare of the organization. In *Parker* v. *Building Association,* 19 W. Va. 744, and *Building and Loan Association* v. *County Court,* 42 W. Va. 818, the characteristics of building associations are discussed, and we think that what is there said of them will place this corporation in the category of a building association. And indeed reference to our Code, ch. 54, secs. 25, 26, 27, 28, 29, will reveal that this association has features in common with our domestic associations. If the Standard Home Company is not in all respects like some building associations, it is none the less a species of the building association genus. And we cannot avoid the opinion that it falls within the spirit, object and purpose of said section V-c., ch. 79, Acts of 1907, and that it is a corporation of such character as should be under the safeguards therein carefully provided for the protection of the public. The suggestion has been made that ch. 33, Acts of 1911, applies to this corporation. It provides that no person, association or cor-

poration shall engage in the business of soliciting or receiving deposits or payments on any annuity contract or certificate or annuity bonds without obtaining from the insurance commissioner a permit to do business in this state. If that is so, the plaintiff would have to get a permit from the auditor. But we do not think that the Act of 1911 applies.

For those reasons we refuse the *mandamus.*

*Writ Denied.*